PETER MAHAN v. JOHN CLEE.

*Master and servant—Injury to employé—Contributory negligence.*

An employé who, with knowledge of the fractious disposition of a horse, drives him within five feet of a moving locomotive, from which steam is escaping, is guilty of such contributory negligence as will defeat a recovery for injuries sustained by reason of the consequent frightening of the horse.

Error-to Wayne.   (Hosmer, J.)   Argued June 3, 1891. Decided July 28, 1891.

Negligence case.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Dickinson, Thurber & Stevenson,* for defendant.

McGRATH, J.   Defendant owns and operates a flouring mill in the city of Detroit.   Plaintiff, who is 50 years of age, had been in defendant's employ for nearly 8 years. Plaintiff claims to have been employed to cooper barrels, fill them, and weigh them, and, when not thus engaged, wait on customers.   Occasionally he was asked to deliver flour, but he claims to have objected to that kind of work, because not employed therefor.   He had, however, during the time that he was in defendant's employ, delivered quite a number of loads of flour, and stated that he objected at least 40 times.

He sets up that defendant had a delivery horse which was balky and fractious; that the horse would start suddenly with a load, and plunge; that at one time while he

87 MICH.—11.

was driving the horse it balked, and at another it became frightened at a hand-cart that was being trundled along the street; that he had several times objected to driving this horse; that defendant had used this horse as a delivery horse for about three years, and plaintiff had driven him a number of times; that on the day of the injury he was told by defendant's son to deliver a load of flour, with this horse and truck, in the eastern part of the city, and then to go to the Michigan Central Railroad freight sheds, and get a load of flour; that he objected, for the reason that he had more work than he could do, and, more than that, "he was not hired to drive teams;" that he was told that it did not make any difference what he was hired to do there,—he had got to do whatever he was told to do; that thereupon he took the load of flour to the eastern part of the city, and went down Woodbridge street on his way to the freight sheds, and when between Eighth and Tenth streets the steam from a passing locomotive frightened the horse, and it began to rear, when plaintiff jumped from the truck, intending to take the horse by the head, but broke one of the smaller bones of his leg in jumping; that the horse did not run away, but one of the by-standers took it by the head. Plaintiff was laid up for some months, and brings this suit for injuries received, loss of time, etc.

It appeared from plaintiff's own testimony that there were a number of railroad tracks in the vicinity of the place of the injury, and that the track upon which the engine, the steam from which frightened the horse, was moving, was a spur track running parallel with Woodbridge street; that this engine was engaged in moving a train of freight-cars, and plaintiff was driving west, and within five feet of the train of cars, while the train was moving east, and when the horse reached the engine the

escape of steam caused the horse to jump. The court directed a verdict for defendant, and plaintiff appeals.

Irrespective of the question of the liability of the defendant as employer under such circumstances, the plaintiff was guilty of such contributory negligence as will defeat a recovery. He knew the character of the horse, and drove him to within five feet of a moving locomotive, from which steam was escaping. It is a matter of common knowledge that steam from a locomotive will frighten a gentle horse at close range. He says he did not see the engine, but he saw the rest of the train. He must have known that it was being moved by the locomotive, and it was his duty, under the circumstances, to have seen both engine and cars.

The judgment is affirmed, with costs to defendant.

The other Justices concurred.